IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 3:09-390 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Francisco Sanchez-Valencia, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's Motions for Reduction of Sentence under Guidelines Amendment 782. ECF Nos. 609 & 626. The Government has responded in opposition to the motion based upon Defendant's disciplinary record inside the Bureau of Prisons (BOP). ECF No. 632.

In considering a reduction of sentence under 18 U.S.C. § 3582(c)(2), the court "may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable . . . ." 18 U.S.C. § 3582(c)(2). Section 3553(a) of Title 18 provides:

The court, in determining the particular sentence to be imposed, shall consider–

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner .
   . . .

18 U.S.C. § 3553(a).

On March 8, 2010, Defendant appeared before this court for sentencing. The court sentenced

Defendant to 240 months' imprisonment, to be followed by five years' supervised release.

During his incarceration, Defendant has been convicted of a variety of infractions evidencing a failure to abide by and respect institutional authority and rules. For example, on February 5, 2014, Defendant was sanctioned for possessing drugs/alcohol. Additionally, Defendant has been sanctioned for possessing a cellular telephone.

After considering Defendant's actions while incarcerated and applying the relevant above-noted factors from 18 U.S.C. § 3553(a), the court finds that a reduction of sentence under Amendment 782 is not warranted. Defendant continues to exhibit a lack of respect for the law, is not deterred in his unlawful behavior, and – absent significant change in behavior – will continue to be a danger to the public if released prior to completion of the sentence currently imposed.

Defendant's motion for relief under Amendment 782 is **denied**.

**IT IS SO ORDERED**.

                                                  s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 14, 2015