IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-390-CMC |
| v. | |
| Francisco Sanchez-Valencia, | Order |
| Defendant. | |

This matter is before the court on Defendant's motions for sentence reduction pursuant to Amendments 821 and 782, for compassionate release, and for appointment of counsel. ECF Nos. 655, 657. Defendant has also filed a motion for ruling on his combined motions. ECF No. 658.

Defendant's first motion requests a sentence reduction based on Amendment 821 for zero-point offenders, and asks the court to reevaluate his request for reduction under Amendment 782, which the court previously denied. ECF No. 655 at 4-8. Regarding compassionate release, he asserts a sentencing disparity. Defendant analyzes his motion under *McCoy*, although it was filed November 20, 2023, after the new Policy Statement at § 1B1.13 took effect on November 1, 2023. He contends his sentence would be lower if imposed today due to changes in the law regarding methamphetamine purity. He sets forth his rehabilitative efforts, via education and programming, and is remorseful.

Defendant filed a second motion for application of Amendment 821. ECF No. 657. He sets forth the safety valve amendment and asserts his sentence should be reduced based on several amendments. He asserts his guideline range should be reduced from 240 months to a total offense level of 35, which corresponds to a 168–210-month guideline range. *Id.* at 15.

The court will first address Defendant's compassionate release motion, then turning to Amendments 782 and 821.

### A. Section 3582(c)(1)(A) motions brought by Defendants

The court, on motion of a defendant after 1) fully exhausting administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 2) the lapse of 30 days from receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A) (as amended by First Step Act).[1] Section 3582(c)(1)(A)(i) allows a court to modify a term of imprisonment once it has been imposed for extraordinary and compelling reasons if such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission.

After amendment of § 3582(c)(1)(A) by the First Step Act but prior to November 2023, there was not an applicable policy statement because the Sentencing Commission lacked a quorum when § 3582(c)(1)(A) was amended by the First Step Act. While there was no relevant policy statement, compassionate release motions in the Fourth Circuit were governed by *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020), and district courts were "'empowered…to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284.

However, the Commission has reestablished a quorum and in November 2023, updated the Policy Statement at § 1B1.13 to include motions brought by defendants. Accordingly, the court may now reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it determines extraordinary and compelling reasons warrant a reduction, the defendant is

---

[1] Defendant notes he filed a request with his Warden on October 2, 2023, and did not receive a response. This request was attached. ECF No. 655-1. Accordingly, the court finds Defendant has exhausted administrative remedies.

2

not a danger to the safety of any other person or to the community, and the reduction is consistent with the Policy Statement at § 1B1.13(b). The new Policy Statement also amended what can be considered extraordinary and compelling reasons, including the following (in pertinent part):

> (b) (6) <u>Unusually Long Sentence</u>.— If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c<u>) Limitations on Changes in Law</u>. — Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.
>
> (d) <u>Rehabilitation of the Defendant</u>. — Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

§ 1B1.13.

### B. **Extraordinary and Compelling Reasons**

     i.    <u>Unusually Long Sentence</u>

Defendant asserts there have been changes in the law regarding methamphetamine purity that would affect his sentence and result in a disparity between it and the one he would receive if sentenced today. He notes he was held liable for 2000 grams of "especially pure methamphetamine," with a base offense level of 38. However, if he had been held responsible for 2000 grams of a methamphetamine mixture, his base offense level would have been 32. He

3

requests the court "reject the purity level distinction" and reduce his sentence because it is now recognized that purity level does not correspond to culpability. ECF No. 655 at 14. Specifically, because methamphetamine has increased in purity over the years, "everyone has access to a substantially pure, uncut product." *Id.* Defendant argues he was given "almost double sentence" under the 10-1 weight disparity between actual methamphetamine and methamphetamine mixture, and this constitutes an extraordinary and compelling reason for a sentence reduction. *Id.* at 18-19. Finally, he asserts his mandatory minimum sentence was increased based on facts never charged in the indictment or submitted to the jury, which is not allowed under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013). *Id.* at 20.

Defendant's argument regarding methamphetamine, that his sentence should be reduced based on purity, is not an extraordinary and compelling reason warranting a sentence reduction under § 1B1.13. There has been no change in the Sentencing Guidelines or statutes for methamphetamine purity that would lower Defendant's guideline range. At most, the Fourth Circuit has noted sentencing courts may consider policy decisions underlying the guidelines, such as the 10-1 methamphetamine/ice disparity, but are under no obligation to do so. *See United States v. Williams*, 19 F.4th 374, 378 (4th Cir. 2021), cert. denied, 140 S. Ct. 1392 (2022).[2]

---

[2] Although Defendant asserts *Apprendi* and *Alleyne* apply to his case because his "mandatory minimum sentence was increased based on facts that were never charged," ECF No. 655 at 20, he does not state what these facts were. Although he alleges his guideline offense level was increased by the purity of the methamphetamine, his statutory range was not. To the extent he contends a "determination of quantity" was not included in the Indictment, the court disagrees. The Third Superseding Indictment charges a conspiracy involving 50 grams or more of methamphetamine, 5 kilograms or more of cocaine, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. ECF No. 224 at 2. Defendant pled guilty to those levels.

Accordingly, Defendant has not raised an extraordinary and compelling reason justifying a sentence reduction. However, in an abundance of caution, the court will proceed to evaluate the § 3553(a) factors.

### C. The § 3553(a) factors

#### i. Nature and Circumstances of the Offense

Defendant, a Mexican national illegally in the United States, was involved in a conspiracy to distribute 50 grams or more of methamphetamine and 5 kilograms or more of cocaine in the Columbia area of South Carolina. During a search of his home, officers recovered a firearm, later confirmed by witnesses to have been used and possessed in furtherance of drug trafficking. He also conspired with others in the conspiracy to launder drug proceeds. He was held responsible for 9,026.83 grams of cocaine; 2,674.5 grams of crystal methamphetamine; and 18,400 grams of marijuana. He was enhanced for an aggravated role in the offense after Defendant stipulated he held a supervisory or managerial role in the drug trafficking conspiracy. He pled guilty to three counts: conspiracy to distribute and distribution of 50 grams or more of methamphetamine, 5 kilograms or more of cocaine, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine; possession of a firearm and ammunition by an illegal alien, aiding and abetting; and conspiracy to commit money laundering, aiding and abetting.

#### ii. History and Characteristics

Defendant was 25 years old when he was sentenced. Prior to the instant offense conduct, he had previous convictions for public drunk and driving without a license. He had zero criminal history points, for a criminal history score of I. He completed secondary school in Mexico (the equivalent of approximately a 9th grade education) and was in a long-term relationship with two

children from prior relationships. He is currently 40 years old and has a projected release date of August 23, 2025.

### iii. Kinds of Sentences Available and Sentencing Range Established

Defendant pled guilty to Counts One, Five, and Ten. The statutory penalties were for Count 1, 10 years to Life; for Count 5, a maximum of 10 years; and for Count 10, a maximum of 20 years. Based on a total offense level of 40, criminal history category I, the guideline range was 292-365 months. After a downward variance, Defendant was sentenced to 240 months.

### iv. Need to Avoid Unwarranted Sentencing Disparities

There were seven co-defendants in this case, who received sentences ranging from time served to 240 months, with Defendant and one other co-defendant receiving 240-month sentences. Defendant's sentence was not an unwarranted disparity considering his role in the conspiracy, in addition to firearm possession and money laundering counts.

### v. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter Defendant and others.

Defendant has served approximately 177 months of his 240-month sentence, and is due for release in August 2025. Defendant will likely be released to the custody of Immigration and Customs Enforcement at the expiration of the instant sentence, as he has an ICE detainer. He has a minor criminal history prior to incarceration; however, he had a leadership role in the instant drug conspiracy, possessed a firearm in furtherance of his drug trafficking, and laundered money to advance the drug distribution. He also received a downward variance at sentencing. To reduce Defendant's sentence further would not reflect the seriousness of his offenses, promote respect for the law or deterrence, or provide just punishment.

### D. Amendments 782 and 821

Defendant had zero criminal history points at sentencing, corresponding to a criminal history category of I. His total offense level was 40, which corresponded to a guideline range of 292-365 months' imprisonment. He received a downward variance to 240 months.

The Probation Office has assessed Defendant's eligibility for a reduction under Amendment 821 as a zero-point offender. ECF No. 656. In doing so, it incorporated a two-point reduction in Defendant's base offense level pursuant to Amendment 782, though acknowledging the court previously denied a reduction under that amendment in 2015. With a total offense level of 38, criminal history category I, the applicable guideline range would be 235-293 months. Defendant's sentence of 240 months is very near the bottom of that range. Further, the Sentence Reduction Report ("SRR") notes Amendment 821, Part B (zero-point offender) does not apply because Defendant possessed a firearm in connection with the offense and received an aggravating role adjustment.

Defendant asks the court to reconsider the denial of a reduction under Amendment 782, for a reduction in offense level under the "drugs minus two" amendment. In 2015, the court denied a reduction under Amendment 782 due to Defendant's disciplinary infraction history within the BOP and lack of respect for the law causing a danger to public if released at that time. ECF No. 633. Defendant notes in his instant motion he has worked on his rehabilitation in the time since that denial, having no disciplinary infractions in that period. The court commends Defendant on his progress. However, as noted in the SRR at ECF No. 656, even when applying a two-level reduction in base offense level, Defendant's total offense level is 38. With a criminal history category of I, the guideline range would be 235-293 months. Defendant's 240-month sentence is within that range.

Accordingly, the court finds Defendant does not qualify for a sentence reduction under Amendment 821, as he does not meet the criteria in USSG § 4C1.1. Defendant's request to reconsider a reduction under Amendment 782 is also denied, as Defendant's current sentence is within, and near the bottom, of the adjusted guideline range with an offense level reduction of two levels.

### E. Conclusion

Based on the above, the court declines to order compassionate release under § 3582(c) where, as here, Defendant does not meet the requirements of § 1B1.13 and the § 3553(a) factors weigh against release. Further, reductions pursuant to Amendments 782 and 821 are denied, as is Defendant's motion for appointment of counsel. Accordingly, Defendant's motions for sentence reductions (ECF Nos. 655, 657) are denied. His motion for ruling (ECF No. 658) is dismissed as moot.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 26, 2024